The demurrer was sustained and the petition dismissed in an opinion

per curiam,

as follows:
Plaintiff brings this cause of action to recover $52,014.78 for increased costs of performing a contract entered into between it and the defendant, and bases its cause of action upon an Act of Congress approved June 25, 1938, (52 Stát. 1197,) which act conferred jurisdiction upon the Court of Claims to hear and determine and enter judgment on claims of Government contractors and subcontractors whose costs of performance were increased as a result of the enactment of the National Industrial, Recovery Act of June 16, 1933, (48 Stat. 195). The defendant demurs to the petition on the ground that it fails to state a cause of action within the jurisdiction of the court.
Treating the allegations of the petition as admitted for the purposes of the demurrer, it appears that plaintiff’s cause of action is one which is described and included in section *529 1 of the Act of 1988. In a general provision this court was given jurisdiction of such cases, but the same section includes the following proviso:
* * * this section shall apply only to such’ contractors, including completing sureties and all subcontractors and materialmen, whose claims were presented within the limitation period defined in section 4 of the Act of June 16, 1934 (41 U. S. C., secs. 28-33).
Section 4 of the Act of June 16, 1934, 48 Stat. 975, reads as follows:
Sec. 4. No claim hereunder shall -be considered or allowed unless presented within six months from the date of approval of this Act or, at the option of the claimant, within six months after the completion of the contract, except in the discretion of the Comptroller General for good cause shown by the claimant.
There is no allegation in the petition that plaintiff complied with this provision and it is admitted in argument that it did not.
It is argued on behalf of plaintiff that these provisions were not intended to bar those who had not filed claims in accordance therewith, but we can see no other possible construction.
The demurrer must be sustained and the plaintiff’s action dismissed. It is so ordered.